# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARSHALL BURGESS, Jr.<br><br>  Plaintiff,<br><br>vs.<br><br>BRIAN E. SANDAVAL, *et al.*,<br><br>  Defendants. | 3:12-cv-0085-LRH-WGC<br><br>**ORDER** |

    Marshall Burgess, a prisoner at Ely State Prison, filed an amended complaint pursuant to the Court's original screening order. Upon screening of the amended complaint, the Court found that plaintiff had failed to state a claim upon which relief might be granted in all but one claim and also adjudicated him as subject to the provisions of the three strike rule set out in 28 U.S.C. § 1915(g). Three months after the Court entered the screening order, plaintiff moved the Court for reconsideration pursuant to Fed. R. Civ. P. 59(e) or 60(b) or to allow an appeal of the order to the Ninth Circuit (ECF No. 28). Since then he has filed various other motions related to or restating his motion for reconsideration including a motion requesting the court hear his motions (ECF No. 31), a motion for additional time to file an "interrogatory appeal" (ECF No. 32), a motion requesting a file-stamped copy of his reconsideration motion (ECF No 35) and a motion for "interrogatory appeal" or reconsideration (ECF No. 36).[1]

    A Rule 59 motion must be filed within ten days after entry of the judgment. Fed.R.Civ.P. 59(e);

---

[1] Certain other motions not related to the screening order remaining pending for decision by the Magistrate Judge.

*Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir.1984).  A motion for reconsideration that is not timely under Rule 59(e) may be treated as a motion for relief from judgment under Rule 60(b). *Gould v. Mutual Life Ins. Co., of N.Y.*, 790 F.2d 769, 772 (9th Cir.), *cert*. denied 479 U.S. 987 (1986).  To obtain relief under Rule 60(b), the moving party must show:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence;  (3) fraud or other misconduct;  (4) a void judgment;  (5) a satisfied or discharged judgment;  or (6) any other reason justifying relief from operation of judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).  Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. *Id*.

The initial motion for reconsideration was filed outside the ten day period allowed under Fed. R. Civ. P. 59(e) and therefore, Rule 60(b) applies.

Plaintiff's motion for reconsideration and for [interlocutory] appeal objects to the Court's findings that the claims in the amended complaint present allegations that appear to the Court to be fantastical at worst and certainly implausible at best.  He then merely restates his claims for relief.  Plaintiff reiterates his claim that he has been retaliated against because of his snitching on fellow inmates and prison staff which resulted in many criminal convictions of employees, "gang-bangers" and "homeys" or "home boys."  He again contends that the defendants have disclosed photos of "stab'd [staged] baby raper," recordings "libaling [sic] [plaintiff] as a snitch," have written a book or books about him which expose his role as an informant to the police and which "stat[es] that [he has] infected a lot of inmates" [with Herpes Simplex 2 virus]. *See* Motion for Reconsideration, p. 10 of 36.  He restates his claims of interference with his legal and personal mail and damage to personal property.

Plaintiff has not demonstrated that the Court's order was entered by mistake, that he has newly discovered evidence which supports reconsideration, that there has been fraud or misconduct in the proceedings or that the judgment is void or has been satisfied.  Fed. R. Civ. P. 60(b)(1)-(5).  Neither has he convinced the Court that there are other reasons which justify relief from the dismissal of these claims.  Fed. R. Civ. P. 60(b)(6).  The only extraordinary circumstances that plaintiff has presented are those in his original allegations.  However, the circumstances he describes are so extraordinary as to be, in this Court's experience, implausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009).

Plaintiff's assertions that he has a witness who will support some of his allegations, without offering his statement, that a book or books exist which slander him, without naming the book, and that he was "air'd [sic] on news, local and world news as a serial rapist, baby raper, child molester. . .", without identifying when or on which network the news aired, lack support from any independent or reliable source. Such "new" evidence might bolster his claims.[2] However, without it, plaintiff's allegations remain incredible. Plaintiff's motion for reconsideration of the amended complaint screening order shall be denied.

Plaintiff also offers no justification for allowing an interlocutory appeal of the Court's screening order and no judgment as to that screening order has been entered. *See* Fed. R. App. P. Rule 5; *see also* Fed. R. Civ. P. 52(c). This motion, too, shall be denied.

**IT IS THEREFORE ORDERED** that motions (ECF Nos. 31 and 35) are **GRANTED.** The Court has heard the motion for reconsideration as discussed above. The Clerk shall send to plaintiff a file-stamped copy of plaintiff's motion for reconsideration (ECF No. 28).

**IT IS FURTHER ORDERED** that the remaining noted motions (ECF Nos. 28, 32, 36) are **DENIED.**

DATED this 16th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges that complaints are not generally supported with documentary evidence. However, in this case, where, for example, plaintiff avers that even mail from his attorney has been intercepted ("I haven't gotten any personal mail from anyone not even my lawyer. She made a few attempts"), an affidavit from the lawyer in support of this motion may prove persuasive of the truth of plaintiff's otherwise outrageous allegations.