UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARSHALL BURGESS, JR., | ) | 3:12-cv-00085-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | November 27, 2012 |
| | ) | |
| BRIAN E. SANDOVAL, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u> Katie Lynn Ogden </u>  REPORTER: <u>              FTR              </u>

COUNSEL FOR PLAINTIFF:  <u> Marshall Burgess, In Pro Per (Telephonically) </u>

COUNSEL FOR DEFENDANT(S):  <u> Kelly S. Werth                                   </u>

**MINUTES OF PROCEEDINGS:**

1:39 p.m. Court Convenes.

The court advises the parties that, subsequent to the plaintiff's requests for extensions of copy work and legal supplies (Dkt. ## 30, 33 and 34), there have been multiple additional filings which the court intends to address during today's hearing.

**I.** *"Motion for Enlargement of Legal Supplies"* **(Dkt. ## 30 and 34) and** *"Motion for Enlargement of of Legal Copywork"* **(Dkt. #33)**

The court fist addresses plaintiff's motions with regard to extension of legal supplies and copywork. Defense counsel contends that plaintiff receives adequate supplies with the standard allotment of legal supplies that the Nevada Department of Corrections ("NDOC") provides to inmates on a monthly basis pursuant to Administrative Regulation ("AR") 722. Mr. Werth informs that court that, as reflected in AR 722, each inmate is afforded $100.00 for copying purposes. Mr. Werth indicates that the institution has a report referred to as an "eighty-five dollar report" which identifies any inmate who has reached $85.00 in copywork fees. Mr. Werth represents that Mr. Burgess does not appear on this list as of today's hearing date, meaning he has in excess of $15.00 for copywork purposes. Mr. Burgess represents that he has exceeded his copywork limit and continues to request additional copywork.

MINUTES OF PROCEEDINGS
3:12-cv-00085-LRH-WGC
Date: November 27, 2012
Page 2

Good cause appearing, plaintiff's Motion for Enlargement of Legal Copywork (Dkt. #33) is **GRANTED**. Mr. Burgess shall receive an additional $15.00 allowance toward copywork.

The court turns to the plaintiff's motion for legal supplies (Dkt. ## 30 and 34). In light of Mr Burgess's filings and his representation that, as of now, he is not in need of additional legal supplies, plaintiff's Motions for Enlargement of Legal Supplies (Dkt. ## 30 and 34) are **DENIED**.

II. "*Motion for Mental and Physical Examination of Plaintiff by an Outside Doctor* (Dkt. #55)

Mr. Burgess represents that, after having x-ray pictures taken of his hand, an x-ray technician indicated that plaintiff had a "spiral break to the middle bone in his hand." Plaintiff further represents that he suffers from "a ripped shoulder muscle" stemming from the same incident.

The court explains to Mr. Burgess that the appropriate recourse concerning this matter would be to follow the kiting procedures created by the NDOC. The court further explains that it does not have the authority to order the requested examination, particularly when there is no identification as to who would absorb such an expense. Therefore, plaintiff's Motion for Mental and Physical Examination of Plaintiff by an Outside Doctor (Dkt. #55) is **DENIED**.

III. "*Emergency Motion to make and be Heard on Oral TRO/Prelim Injunction About Prison Condition on November 27, 2012, at 1:30 p.m.*" (Dkt. #59)

Mr. Burgess represents that, since being transferred to Ely State Prison ("ESP"), he has experienced harassment on an ongoing basis and further indicates that he is not receiving his personal or legal mail. The court advises the plaintiff that the court will have to take this under advisement and that the standard procedure with motions such as this is for chambers to prepare and submit a report and recommendation to the district judge. However, before the court takes plaintiff's motion under advisement, it will wait for the motion to be fully briefed.

Defendants shall file their response to plaintiff's Motion Emergency Motion to Make and be Heard on Oral TRO/Prelim Injunction About Prison Condition on November 27, 2012, at 1:30 PM (Dkt. #59) no later than **Monday, December 10, 2012**. Plaintiff shall then have the standard time provided by the Federal Rules of Civil Procedure to reply to defendants' response.

IV. "*Motion to Amend Complaint*" (Dkt. #58)

Mr. Werth explains that the defendants do not oppose what plaintiff seeks to amend within the complaint,. In light of Mr. Werth's representation, plaintiff's Motion to Amend Complaint

MINUTES OF PROCEEDINGS
3:12-cv-00085-LRH-WGC
Date: November 27, 2012
Page 3

(Dkt. #58) is **GRANTED**. The amended complaint will be filed as the Third Amended Complaint. Defendants shall file their answer to plaintiff's Third Amended Complaint on or before **Friday, December 7, 2012.** The court advises Mr. Burgess the it will not look favorably on any further requests to amend the complaint.

**V.** *"Motion for Leave to Send Deposition by Written Questions to Witnesses (News Media & News Paper)"* **(Dkt. #56) and** *"Motion for Leave to Send Deposition by Written Questios to Witnesses, Priosn Official at WSCC & NNCC, Carson City I.G.O. & Southern Admin I.G.O."* **(Dkt. #57)**

The court inquires about the relevance of plaintiff's two motions for leave to send depositions by written questions. Mr. Burgess indicates that the news media are publishing false representation of Mr. Burgess and he would like to ask questions with respect to the publishing. Mr. Werth opposes the plaintiff's motion on the grounds that it does not have relevance to the instant claims presented by plaintiff in his Third Amended Complaint.

The court advises plaintiff that it is concerned with plaintiff's request because of its lack of relevance to the Third Amended Complaint. The court further advises plaintiff that, to properly proceed with sending these entities depositions, he would first need to subpoena the entities. Mr. Burgess indicates he was not aware of the procedural requirement. In light of the lack of relevance to the Third Amended Complaint, plaintiff's Motion for Leave to Send Deposition by Written Questions to Witnesses (News Media & News Papers) (Dkt. #56) is **DENIED**.

The court turns to plaintiff's Motion for Leave to Send Deposition by Written Questions to Witnesses Prison Officials at WSCC & NNCC, Carson City I.G.O. & Southern Admin I.G.O. (Dkt. #57). Mr. Burgess indicates that the entities he is referring to in this instant motion are witnesses to the incident in this matter and he would like to send written questions to them. The court explains that, in part, plaintiff will be allowed to seek such information through the discovery process. The court further explains that those entities that are not named as a defendant in this action will then need to be issued a subpoena. Mr. Burgess, again, states he was unaware of the procedural requirement and requests to withdraw his motion. In light of Mr. Burgess's representation and request to withdraw his motion, plaintiff's Motion for Leave to Send Deposition by Written Questions to Witnesses Prison Officials at WSCC & NNCC, Carson City I.G.O. & Southern Admin I.G.O. (Dkt. #57) is **DENIED as moot**.

**IT IS SO ORDERED.**

2:18 p.m. Court Adjourns.

LANCE S. WILSON, CLERK
By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk