UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARSHALL BURGESS, JR., | ) | 3:12-cv-00085-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | January 18, 2013 |
| | ) | |
| BRIAN E. SANDOVAL, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  Katie Lynn Ogden    REPORTER:                FTR

COUNSEL FOR PLAINTIFF:  Marshall Burgess, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):  Kelly Werth

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:38 p.m. Court Convenes.

   The court addresses the parties as to plaintiff's Motion to Compel (Dkt. #68) and defendants' Motion for Enlargement of Time to Provide Discovery Responses (First Request) (Dkt. #69).

   Mr. Werth explains to the court that the discovery plaintiff has propounded on defendants includes interrogatories that far exceed the maximum as indicated in Federal Rules of Civil Procedure. Mr. Werth states that he then sent the interrogatories back to the plaintiff requesting Mr. Burgess to identify specifically which 25 written interrogatories plaintiff prefer be answered. Mr. Werth indicates that plaintiff also served interrogatories on defendant Hanes and Green, who were not defendants in this instant matter at the time discovery was served. Mr. Werth advises the court that, at present, he does have responses from defendants Moore, Taylor, Green and Hanes, and he needs only to finalize them before providing them to the plaintiff.

   Mr. Werth further states that plaintiff has propounded a substantial amount of requests for production of documents, which proved to be very problematic in attempting to retrieve some of the documents. However, Mr. Burgess has informed Mr. Werth that he has since sent his office a new set of requests for production of documents, which have narrowed to twelve (12) requests.

MINUTES OF PROCEEDINGS
3:12-cv-00085-LRH-WGC
Date: January 18, 2013
Page 2

      Mr. Werth represents, overall, it is the series of request for admissions that he is concerned about and for which he is requesting an extension of time.

      Mr. Burgess represents to the court that he has revised his interrogatories and they have been served on defendants.  Mr. Werth confirms that he did receive the discovery around January 7, 2013.  Mr. Burgess indicates that his Motion to Compel (Dkt. #68) was intended for the discovery he had served defendants in November of 2012; however, his revised discovery requests supersede the requests served in November 2012.  In light of this information, the court hereby orders plaintiff's Motion to Compel (Dkt. #68) be **DENIED** as moot.

      The court inquires whether Mr. Burgess is allowing for Mr. Werth to have additional time to respond to the Request for Admissions.  Mr. Burgess represents that he would allow for an additional fifteen (15) days for defendants to serve their answers to the request for admissions.  Based on Mr. Burgess's representation, the court finds defendants' request to extend time to respond to discovery to be a moot subject as well.  Therefore, defendants' Motion for Enlargement of Time to Provide Discovery Responses (First Request) (Dkt. #69) is **DENIED** as moot and defendant shall respond to the request for admissions within fifteen (15) days.

      The court is concerned, however, as to the Scheduling Order.  Mr. Werth shares in the court's concern regarding the discovery deadlines and requests that the Scheduling Order be revised.  Mr. Burgess indicated that he has no objection to extending the deadlines.  Therefore the discovery deadlines are revised as follows:

- Discovery Deadlines:  March 15, 2013
- Discovery Motions: March 29, 2013
- Dispositive Motions: April 12, 2013

The court notes that the new discovery deadline is with regard to the revised discovery requests.  All other deadlines contained in the Scheduling Order (Dkt. #54) will remain as scheduled.

1:53 p.m. Court Adjourns.

**IT IS SO ORDERED.**

                                          LANCE S. WILSON, CLERK

                                          By: _____/s/_____
                                              Katie Lynn Ogdne, Deputy Clerk