UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARSHALL BURGESS, JR., | ) | 3:12-cv-00085-LRH-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | May 3, 2013 |
| BRIAN E. SANDOVAL, *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>Katie Lynn Ogden</u>    REPORTER:  <u>           FTR          </u>

COUNSEL FOR PLAINTIFF:  <u>Marshall Burgess, In Pro Per (Telephonically)</u>

COUNSEL FOR DEFENDANT(S):  <u>Kelly S. Werth (Telephonically)</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:31 a.m. Court Convenes.

The court is informed that Mr. Burgess and Mr. Werth have had discussions regarding the outstanding discovery disputes. The court requests that Mr. Werth address each discovery request and advise the court of any resolution or necessary court intervention.

**I.      Plaintiff's Motion to Compel (Dkt. #77)**

**1.) Request for Production No. 1**

Mr. Werth indicates that plaintiff represents he has not been able to review his I-File and was limited to fifteen (15) minutes for review of his medical file. Mr. Werth has agreed to make arrangements for plaintiff to review his I-File and medical file again.

In view of Mr. Werth's representation that he will make arrangements for Mr. Burgess to review his I-File and medical file, Request for Production No. 1 is resolved. The court notes that Mr. Burgess shall be afforded sufficient time, and, within reason, any additional time past one (1) hour to review his records.

Furthermore, the court orders that a twenty-dollar ($20.00) copy work credit extension be allotted to Mr. Burgess's inmate account.

**MINUTES OF PROCEEDINGS**
3:12-cv-00085-LRH-WGC
Date: May 3, 2013
Page 2

### 2.) Request for Production No. 2

Mr. Werth indicates that IR 2011-WSCC-00253 was produced through the warden's office for plaintiff's review.

#### a. General discussion regarding possession of documents and institutional policy

The court addresses the matter of documents being submitted to the warden's office for plaintiff's review but not submitted to plaintiff himself for his possession.

Mr. Werth explains that Mr. Burgess has requested to have copies made, for his personal possession, of documents that were intentionally submitted to the warden's office for plaintiff's review only. Mr. Werth explains plaintiff has not been provided such documents pursuant to administrative regulations (i.e. AR 568.02), that prohibit inmates from possessing confidential records. However, Mr. Werth further explains that plaintiff does have the right to set aside any documents that have been produced to the warden's office to be copied and attached to future motions. Mr. Werth ensures that such an accommodation would be made so that the documents are received by the court.

The court recognizes the rational of medial records being classified as confidential. However, the court does not understand the rational of plaintiff's own incident report(s), and, what correctional officer's have reported regarding an incident, that are restricted from his personal possession but may be reviewed through kiting the warden's office.

The court orders defendants to produce the incident report(s) and related documents (i.e. correctional officer statements) to plaintiff unless a Motion for Protective Order is filed with documented reasons as to why possession of these records in particular would present a security risk.

Defendants shall have up to and including **Friday, May 24, 2013**, to either produce the records to Mr. Burgess directly or to have a Motion for Protective Order on file. Should a Motion for Protective Order be filed, the requirement to produce the records to Mr. Burgess will be stayed until the Motion for Protective is resolved.

### 3.) Request for Production No. 4

Mr. Werth informs the court that after discussing this request with plaintiff, Mr. Burgess has agreed to limit his request to any complaints regarding excessive force or failure to protect by the defendants from 2010 forward. Mr. Werth indicates he will research the personnel files for this

MINUTES OF PROCEEDINGS
3:12-cv-00085-LRH-WGC
Date: May 3, 2013
Page 3

specific information for the named defendants who were involved in the March 6, 2011, incident.

The court notes that it appears Request for Production No. 4 has been resolved and that no further court intervention is necessary.

### 4.  Request for Production No. 5

Mr. Werth indicates that he has fourteen (14) photos of the area Mr. Burgess is seeking. However, because the pictures depict the institution itself, the photos have been produced to the warden's office and not to Mr. Burgess himself for personal possession.

The court agrees that the defendants accommodation as to Request No. 5 is reasonable and no further court intervention is necessary.

### 5.  Request for Production No. 6

Mr. Werth explains that he has agreed to research whether this phone call was recorded and, if so, whether the institution still has possession of the recording. Mr. Werth indicates that he will provide plaintiff with either the evidence he is seeking or a statement why he is unable to respond to this request.

Therefore, it appears the parties have resolved Request for Production No. 6 resolved and no further court intervention is necessary.

### 6.  Request for Production No. 7

Mr. Werth represents that all photographs of plaintiff's injuries have been attached to the IR's and have been produced through the warden's office for plaintiff's review. However, Mr. Burgess, in addition to stating there are missing photos, he does not understand why he restricted from personally possessing the photos.  Mr. Werth explains again that he has produced all photos available to him, but he will in inquire whether there are any additional photos.  Furthermore, Mr. Werth explains that pursuant to administrative regulation, Mr. Burgess is prohibited from having personal possession of the photos.

The courts orders that Request for Production No. 7 is extended to the previous ruling made in Request for Production No. 2.  Therefore, defendants are directed to produce all photos responsive to this request to Mr. Burgess himself or a Motion for Protective Order shall be filed.

MINUTES OF PROCEEDINGS
3:12-cv-00085-LRH-WGC
Date: May 3, 2013
Page 4

## II. **Plaintiff's Motion for Enlargement of Time (Dkt. #80)**

In view of the agreement made by the parties regarding the discovery disputes, plaintiff's Motion for Enlargement of Time is **DENIED as moot**.

## III. **Defendants' Motion for Enlargement of Time to File Dispositive Motions (Dkt. #85)**

Defendants' Motion for Enlargement of Time to File Dispositive Motions (Dkt. #85) is **GRANTED** as to both defendants and plaintiff. Dispositive motion(s) shall be filed no later than, **Friday, June 28, 2013**.

**IT IS SO ORDERED.**

2:18 p.m. Court Adjourns.

　　　　　　　　　　　　　　　　　　　　LANCE S. WILSON, CLERK
　　　　　　　　　　　　　　　　　　　　By: _____/s/_____
　　　　　　　　　　　　　　　　　　　　Katie Lynn Ogden, Deputy Clerk